**IN THE COURT OF APPEALS OF IOWA**

No. 19-0771
Filed August 7, 2019

**IN THE INTEREST OF A.J. and C.J.,**
**Minor Children,**

**A.S., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Jones County, Jason A. Burns,

District Associate Judge.


    A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**


    Annette F. Martin, Cedar Rapids, for appellant mother.

    Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

    Deborah Skelton, Walford, attorney and guardian ad litem for minor

children.


    Considered by Potterfield, P.J., Greer, J., and Mahan, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

A mother appeals the termination of her parental rights to her children, born in 2007 and 2010.[1] She challenges the sufficiency of the evidence supporting the statutory grounds for termination. We affirm.

## I.    *Background Facts and Proceedings*

This family most recently came to the attention of the department of human services in March 2017,[2] following reports of the mother using methamphetamine in the presence of the children. The mother showed up at the children's school acting erratically and looking for her daughters,[3] and she did not recognize the children when she saw them. A search warrant executed on the mother's home revealed evidence of methamphetamine and paraphernalia. One of the children tested positive for methamphetamine. The children were removed from the mother's care and placed with their paternal grandparents.[4] In April, the children were adjudicated to be in need of assistance (CINA).

The mother received an array of rehabilitative services, including supervised visitation, family team meetings, substance-abuse treatment, and a psychological evaluation. She did not follow through with consistent drug testing, and she tested positive in October (marijuana, amphetamine, and methamphetamine) and December 2018 (amphetamine and methamphetamine).

---

[1] The father's parental rights were also terminated. He does not appeal.
[2] The department issued founded child abuse assessments in 2012 and 2016 against the mother based on lack of supervision and drug use.
[3] The mother has one daughter and one son.
[4] The children were later placed with their maternal grandmother and then in foster family care, where they have remained since September 2017.

Caseworkers observed the mother is "often late" for visitation and her "level of engagement is dependent on her mood."

The State filed a petition to terminate the mother's parental rights in November 2018. The termination hearing was held in March 2019. The record before the juvenile court indicated the children had been removed from the mother's home for nearly two years, her visits with the children remained supervised, and she had recently tested positive for methamphetamine (after completing extended outpatient treatment). The department caseworker and guardian ad litem recommended termination of the mother's parental rights.

Following the termination hearing, the court entered its order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2018). The mother appeals.

## II.     Standard of Review

Appellate review of termination-of-parental-rights proceedings is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

## III.     Discussion

The mother challenges the sufficiency of the evidence supporting the grounds for termination cited by the juvenile court. Specifically, she contends the State failed to prove the children cannot be returned to her custody, one of several elements required by Iowa Code section 232.116(1)(f).

Our de novo review of the record reveals the following facts. The children were removed from the mother's care in March 2017 due to concerns about the mother using methamphetamine. One of the children tested positive for methamphetamine. Caseworkers informed the mother that a prerequisite to reunification with the children was that she abstain from drug use. Between the time of removal and the final permanency hearing, the mother was given more than eighty opportunities to complete drug tests, but she provided only a handful. Her only negative results were on April 12, 2017. She tested positive on March 26, October 25, and December 4, 2018. At the termination hearing, the mother admitted to the positive drug tests, but she testified the last time she used methamphetamine was "the end of the summer of 2017." The mother also admitted she pled guilty to possession of marijuana on September 17, 2018, despite "it not being [her] marijuana." She maintained, "All of my UA's have been clean throughout this whole time for DHS." The mother was living with the maternal grandmother, who testified the mother had last used methamphetamine "[o]ver a year ago."

The department caseworker testified the mother was not participating in substance-abuse treatment, was not addressing her mental-health needs, and had not made any significant progress toward reunification. The juvenile court found:

> [The mother] is not engaged in any substance abuse treatment, even with her positive methamphetamine tests and the requirement by DHS that she get a new substance abuse evaluation. . . . The mother continues to defy court expectations by refusing to drug test for DHS. The tests that were completed showed that she continues to use methamphetamine. Nothing has changed for her throughout the case, and returning the children to her at this time would put them at severe risk for harm due to her active methamphetamine addiction.

We concur in the court's findings. We conclude termination was warranted under section 232.116(1)(f).

The mother also claims she "should be allowed more time to achieve her goals and demonstrate a period of sobriety and commitment to therapy per the recommendations from her psychological evaluation" and "[i]t is more detrimental to terminate her rights to her children than it is to allow her more time." We observe the mother was granted a six-month extension in April 2018, and she did not request an additional extension at trial. The mother has not preserved error with respect to this issue. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases.").

But even if the mother had preserved error, her claim is not persuasive. Although the mother has a bond with the children, the caseworker opined "[b]ased on the history of the case" it was unlikely the mother would even progress to unsupervised visitation "in the next 60 to 90 days." The juvenile court observed, "The same issues which caused the original CINA adjudication continue to be present. Neither parent has made any progress in this case." "Children should not be forced to wait for their parents to be able to care for them, particularly when we have so little evidence to rely upon to believe the circumstances will be different in six months." *In re M.M.*, No. 15-0214, 2015 WL 1332330, at *2 (Iowa Ct. App. Mar. 25, 2015).

We conclude termination is in this child's best interests, and no permissive statutory exception should be applied to preclude termination. We affirm the decision of the juvenile court to terminate the mother's parental rights.

**AFFIRMED.**